UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHALOM M. HARRIS, | No.   16-35585 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01387-BAT |
| v. | Western District of Washington, Seattle |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | ORDER |
| Defendant-Appellee. | |

Before:  THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

The petition for panel rehearing is GRANTED.  The petition for rehearing en banc is DENIED as moot.  The Memorandum Disposition filed on December 12, 2017 is withdrawn.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHALOM M. HARRIS,

          Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

          Defendant-Appellee.

No.   16-35585

D.C. No. 2:15-cv-01387-BAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted December 8, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

    Shalom Harris appeals the district court's decision affirming the

Commissioner of Social Security's denial of Harris's application for supplemental

security income disability benefits under Title XVI of the Social Security Act. We

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and we reverse and remand.

The ALJ failed to provide clear and convincing reasons supported by substantial evidence for rejecting Dr. Hendrickson's uncontroverted opinion, as an expert who actually examined Harris, that she showed marked limitations in interacting appropriately with supervisors.  The ALJ's finding that Harris was capable of getting along with her medical providers and people who were not her family members does not address the critical issue of getting along with supervisors in a work setting.  Moreover, Diane Fligstein, PhD., and Gary Nelson, PhD., who reviewed mental health records but did not examine Harris, specifically opined that Harris had a moderately limited ability to interact with non-family members, specifically members of the public and co-workers.

The error is not harmless.  The questions to the vocational expert did not include marked limitations in interacting appropriately with supervisors.  *Bayliss v. Barnhart,* 427 F.3d 1211, 1217-18 (9th Cir. 2005) (An ALJ may rely on the vocational expert's testimony that a claimant can perform other work only if the

hypothetical question posed to the vocational expert includes all of the claimant's limitations).[1]

**REVERSED AND REMANDED.**

---

[1]Because remand is appropriate on this ground, we do not address the remaining alternative grounds for relief.